Lina Stillman, Esq.
Stillman Legal, P.C.
42 Broadway, 12th Floor
New York, New York 10004
Tel (212) 203-2417
www.stillmanlegalpc.com
*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

---------------------------------------------------------X

TEOFILO VANEGAS,
*individually and on behalf of others similarly situated,*
Plaintiffs,

v.

BERGEN IMPORTS INC,
SAM KAPROS, HARRY KAPROS, and
HELEN CAREY,

Defendants,

---------------------------------------------------------X

**Case No:**

**29 U.S.C. § 216(b) COLLECTIVE ACTION & F.R.C.P. 23 CLASS ACTION**

**COMPLAINT**

Plaintiff TEOFILO VANEGAS (hereafter referred to as "Plaintiff"), all former employees with various roles in automotive repair and maintenance, bring this Action on behalf of themselves and other similarly situated employees of Defendants BERGEN IMPORTS INC, SAM KAPROS, HARRY KAPROS, and HELEN CAREY (collectively, the "Defendants") pursuant to the Fair Labor Standards Act ("FLSA"), 29 USC §§ 201 et seq. and the New Jersey State Wage and Hour Law, NJSA §34:11-56 et seq ("NJWHL"), and alleges as follows:

## INTRODUCTION

1. This action is brought by Plaintiff, on behalf of himself as well as other

employees similarly situated, against Defendants for alleged violations of the Federal Labor Standards Act, ("FLSA") 29 U.S.C. § 201 *et seq.* and of the New Jersey State Wage and Hour Law, NJSA §34:11-56 *et seq* ("NJWHL"), arising from Defendants' various willful and unlawful employment policies, patterns and/or practices.

2. This Complaint seeks to recover unpaid overtime compensation for Plaintiff.

3. The Plaintiff is a former employee of Defendant BERGEN IMPORTS INC, a New Jersey Corporation with headquarters at 228 Palisade Ave, Cliffside Park, NJ 07010, and its principal, Defendants SAM KAPROS, HARRY KAPROS, and HELEN CAREY, employed the Plaintiff as a mechanic for Defendants' business in New Jersey.

4. The plaintiff consistently worked ten (10) hours per day, Monday through Friday, totaling fifty-two and a half (52.5) hours per week. Despite these hours exceeding forty (40) hours per week, the plaintiff was not paid any overtime compensation. The plaintiff was paid $18 per hour from May 2023 until July 25, 2025.

5. At all times relevant to this Complaint, Defendants willfully and intentionally maintained a policy and practice of requiring the Plaintiff and the FLSA collective employees to work more than 40 hours per week without providing them with any additional compensation, as evidenced by timesheets, employee schedules, and other relevant documentation.

6. Upon information and belief, Defendants have willfully and intentionally committed widespread violations of the FLSA and NJWHL by engaging in a pattern and practice of failing to pay its employees, including Plaintiff, overtime compensation for all hours worked over forty (40) each workweek.

7. Defendants willfully and intentionally refused to record all of the time that

Plaintiff and similarly situated individuals employed by the Corporate Defendant worked, including the work performed in excess of forty hours each week.

8. Accordingly, Plaintiff now brings this Action on behalf of himself and those other similarly situated individuals, for federal and state claims relating to unpaid overtime wages, failure to maintain records pursuant to the FLSA, 29 USC §§ 201 et seq., and the NJWHL, NJSA §34:11-56 *et seq.*

9. The Plaintiff, in accordance with the FLSA and NJWHL, asserts his right to recover from the Defendants: (1) unpaid overtime wages, calculated at one-and-a-half times his regular pay rate of $18 per hour (equaling $27 per hour) for each hour worked over forty in a workweek, (2) liquidated damages equal to 200% of the amount of unpaid wages as provided by N.J.S.A. § 34:11-56a25 for willful violations, (3) prejudgment interest on the unpaid wages, calculated from the date each wage payment was due until the date of judgment, (4) post-judgment interest, and (5) reasonable attorneys' fees and costs, as provided by both the FLSA and NJWHL.

10. By reason of such willful violations Plaintiff asserts he is entitled to recover from the Defendants (1) unpaid overtime wages, (2) liquidated damages, (3) prejudgment, and post-judgment interest; and/or (4) attorneys' fees and costs, pursuant to the FLSA and NJWHL.

## JURISDICTION AND VENUE

11. This Court has original federal question jurisdiction over this controversy under 29 U.S.C.§216(b), 28 U.S.C. § 1331, and has supplemental jurisdiction over the New Jersey State Law claims pursuant to 28 U.S.C. § 1367(a).

12. Venue is proper in the District of New Jersey pursuant to 28 U.S.C. §§

1391(b) and (c), because Defendants conduct business in this District, and the acts and omissions giving rise to the claims herein alleged took place in this District.

## PARTIES

### Plaintiff

13. Plaintiff TEOFILO VANEGAS is and was at all times relevant hereto an individual residing in New Jersey.

14. Plaintiff TEOFILO VANEGAS was employed by Defendant BERGEN IMPORTS INC at its business located at 228 Palisade Ave, Cliffside Park, NJ 07010, in the position of mechanic, he repaired, did metalwork, and painted cars from May 2023 until July 25, 2025. During the hiring process, VANEGAS was interviewed and given a job offer by Defendants SAM KAPROS, HARRY KAPROS, and HELEN CAREY. As a mechanic, VANEGAS followed a fixed work schedule mandated by SAM KAPROS, HARRY KAPROS, and HELEN CAREY, received direct daily supervision and instructions from them regarding his duties, was required to obtain their approval for any schedule changes, and was subject to their disciplinary authority.

15. At all times relevant hereto, Plaintiff VANEGAS was a covered employee within the meaning of the FLSA and the NJWHL.

### Defendants

16. Defendant BERGEN IMPORTS INC is a duly organized business corporation under the laws of the State of New Jersey, with a principal place of business at 228 Palisade Ave, Cliffside Park, NJ 07010, as per the available information and belief.

17. Upon information and belief, Defendant BERGEN IMPORTS INC is engaged in interstate commerce, as it relies heavily on products that have been transported across

state lines, services vehicles involved in interstate transport, and generates annual gross revenues in excess of $500,000 per year, exclusive of excise taxes, during each year relevant to Plaintiff's claims, thereby meeting the FLSA enterprise coverage requirement under 29 U.S.C. § 203(s)(1)(A).

18. Based on the available information and belief, Defendants SAM KAPROS, HARRY KAPROS, and HELEN CAREY serve as principals and/or officers of Defendant BERGEN IMPORTS INC.

19. Upon information and belief, and at all times relevant to the claims herein, Defendants SAM KAPROS, HARRY KAPROS, and HELEN CAREY: (i) were known as and referred to as "Boss" by Plaintiff and the other similarly situated employees of Defendant BERGEN IMPORTS INC, exercised operational control and financial oversight of the business; (ii) determined the wages and compensation of the employees of Defendants, including Plaintiff, which can be substantiated by pay stubs, corporate documents, or Plaintiff's bank records reflecting wages from Defendants; (iii) established work schedules and workload of the employees, as evidenced by work schedules, job descriptions, or internal communications; and (iv) maintained employee records, and had the authority to hire and fire employees, as proven by employment contracts, termination letters, or testimonies from Plaintiffs or other employees about hiring or firing incidents.

20. In fact, Defendants SAM KAPROS, HARRY KAPROS, and HELEN CAREY willfully hired Plaintiff, determined his work assignments, workload, and schedule, and calculated his pay, rate of pay, and hours worked.

21. Defendants SAM KAPROS, HARRY KAPROS, and HELEN CAREY acted intentionally and maliciously and are employers pursuant to FLSA, 29 U.S.C. §203d, and

regulations promulgated thereunder, 29 C.F.R. §791.2, NJWHL §34:11-4.1, and the regulations thereunder.

## FLSA COLLECTIVE ACTION ALLEGATIONS

22. Plaintiff brings this action individually and on behalf of all other and former non-exempt mechanics and automotive workers who have been or were employed by the Defendants for up to the last three (3) years through the entry of judgment in this case (the “Collective Action Period”). These individuals were employed by the Defendants for up to the last three (3) years, through the entry of judgment in this case, defined as the “Collective Action Period”. These individuals, referred to as the “Collective Action Members”, have not been compensated appropriately. This is due to the willful actions of the defendants, who failed to pay at least the overtime compensation for all hours worked in excess of forty (40) hours per week.

23. With respect to his NJWHL claims, Plaintiff asserts the same pursuant to Federal Rules of Civil Procedure (“F. R. C. P.”) Rule 23, on behalf of all non-exempt personnel employed by Defendants on or after the date that is three (3) years before the filing of the Complaint in this case as defined herein (the “Class Period”).

24. All said persons, including the plaintiff, are referred to herein as the “Class.”

25. The Class members, numbers, and identities, are readily ascertainable and may be determined from the records of Defendants. The hours assigned and worked, the positions held, and the rate of pay for each Class Member is also determinable from the Defendants’ records. For purpose of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under Federal Rule of Civil Procedure 23.Rule 23..R.C.P

***Numerosity***

26. The proposed Class is so numerous that the joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown, and the facts on which the calculation of the number is presently within the sole control of the Defendants, upon information and belief, there are more than forty (40) members of the class, which meets the numerosity requirement under Fed. R. Civ. P. 23(a)(1).

***Commonality***

27. There are questions of law and fact common to the Class which dominates over any questions affecting only individual class members, including:

a. Whether Defendant employed the Plaintiff and the Class within the meaning of the NJWHL and its implementing regulations, N.J.A.C. 12:56-1.1 et seq.;

b. Whether the Plaintiff and Class members are entitled to and paid overtime under the NJWHL;

c. Whether Defendants provided a Time of Hire Notice detailing rates of pay and payday at the start of Plaintiff and the Rule 23 Class's start of employment and/or timely thereafter;

d. At what common rate, or rates subject to the common method of calculation was and are Defendants required to pay the Class members for their work;

***Typicality***

28. The claims raised by the plaintiff are representative of the issues faced by all class members, and the relief sought by the plaintiff mirrors what other class members would seek in individual actions, including claims for unpaid overtime wages, record-keeping violations, and failure to provide required wage notices. All Class members were

subject to the same corporate practices of Defendants, as alleged herein, of failing to pay overtime compensation. Defendants' corporate-wide policies and practices affected all Class members similarly, and Defendants benefited from the same type of unfair and/ or wrongful acts as to each Class member. Plaintiff and other Class members sustained similar losses, injuries, and damages arising from the same unlawful policies, practices, and procedures.

***Adequacy***

29. Plaintiff is able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class. Plaintiff is represented by attorneys who are experienced and competent in successfully prosecuting both class action and wage and hour employment litigation cases, having successfully litigated numerous similar actions in New Jersey federal and state courts.

***Superiority***

30. A class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation where individual Class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expenses that numerous individual actions engender. Because the losses, injuries, and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to

redress the wrongs done to them. Further, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can and is empowered to, fashion methods to efficiently manage this action as a class action.

31. Upon information and belief, Defendants and other employers throughout the state violate the NJWHL. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing these risks.

32. Plaintiff consents to be named a party herein, pursuant to 29 USC § 216(b), and brings these claims based upon the allegations herein as representative parties of a prospective class of similarly situated individuals under 29 USC § 216(b).

## **COMMON FACTUAL ALLEGATIONS**

Defendants Constitute Joint Employers

33. Defendants owned and operated BERGEN IMPORTS INC, a corporate entity principally engaged in the car services industry. At all relevant times, Defendants BERGEN IMPORTS INC, SAM KAPROS, HARRY KAPROS, and HELEN CAREY possessed operational control over Defendant Corporation, possessed an ownership interest in Defendant Corporation, and/or controlled significant functions of Defendant Corporation.

34. As a part of their regular business practices, the Defendants have intentionally, willfully, and repeatedly violated the FLSA, harming the Plaintiffs and other class members through a consistent pattern or policy of these violations of the FLSA. This pattern and/or policy includes, inter alia, the following:

a. failing to pay employees the applicable overtime rate for all time worked in excess of forty (40) hours per week;

b. failing to keep accurate records of hours worked by employees as required by the FLSA and NJWHL.

Defendants have engaged in their unlawful conduct pursuant to a systematic corporate policy and practice of minimizing labor costs and denying employees lawful compensation, as evidenced by internal communications, employee testimonies, contemporaneous records, and financial documentation. Defendants' unlawful conduct has been intentional, willful, and in bad faith, and has caused significant damage to Plaintiff and the other class members.

36. Defendant BERGEN IMPORTS INC, under Defendants SAM KAPROS, HARRY KAPROS and HELEN CAREY's direct supervision and authority, acted in line with the Defendants' interests. This included determining the rate and method of employee compensation and exercising joint control over their employees.

37. At relevant times, Defendants BERGEN IMPORTS INC, SAM KAPROS, HARRY KAPROS, and HELEN CAREY exercised substantial control over the Plaintiff and other similarly situated employees' working conditions, including, but not limited to setting work hours, determining pay rates, and enforcing company policies. They also held authority over the policies and practices relating to the employment and compensation of the Plaintiff and all similarly situated individuals referred to herein.

38. Defendants BERGEN IMPORTS INC, SAM KAPROS, HARRY KAPROS, and HELEN CAREY jointly employed Plaintiff, and all similarly situated individuals, as evidenced by their unified operations, common control, shared ownership, and centralized management of work schedules, pay rates, and employment policies. They are the Plaintiffs' and all similarly situated individuals' employers as defined by 29 USC 201 et seq. and the NJWHL, which stipulate that an employer is any individual acting directly or indirectly in the interest of an employer in relation to an employee.

39. Defendants BERGEN IMPORTS INC, SAM KAPROS, HARRY KAPROS, and HELEN CAREY constitute a single employer of the Plaintiff and/or similarly situated individuals. The business divisions between them are fictional, as evidenced by shared HR functions, common management, interrelation of operations, and centralized control of labor relations.

40. At all times relevant hereto, Defendants BERGEN IMPORTS INC, SAM KAPROS, HARRY KAPROS, and HELEN CAREY were the Plaintiffs' employers within the meaning of the FLSA (29 U.S.C. § 203(d)), NJWHL (N.J.S.A. 34:11-56a1(g)), and other applicable laws. Defendants BERGEN IMPORTS INC, SAM KAPROS, HARRY KAPROS, and HELEN CAREY, as the Plaintiffs' employers, exercised operational and financial control in various ways. They made hiring and firing decisions, as evidenced by

employment contracts and termination letters. Specifically, upon hiring VANEGAS, Defendants SAM KAPROS, HARRY KAPROS, and HELEN CAREY established and controlled all material terms and conditions of his employment, including but not limited to work assignments, schedules, and compensation structure. This is substantiated by VANEGAS's work schedules and the detailed job descriptions provided by SAM KAPROS, HARRY KAPROS, and HELEN CAREY. They also determined the rate and method of the plaintiff's compensation, as shown in VANEGAS's pay stubs and his wage agreement. Furthermore, Defendants actively supervised Plaintiffs' work schedules and employment conditions, including direct supervision and instructions given to VANEGAS, as can be substantiated by testimonies from VANEGAS and other employees, as well as email correspondence and memos.

41. Defendants are willfully aware of and by law are charged with the knowledge that under the FLSA, they are required to pay employees performing non-exempt duties, including the Plaintiff and the other class members, overtime pay at a one-and-one-half the regular rate for work in excess of forty (40) hours per work week, as evidenced by training materials, handbook, memos, or correspondence that discuss the FLSA.

42. At all relevant times, Defendants knowingly and willfully failed to pay Plaintiff his lawfully owed wage, at least the lawfully overtime compensation of one and one-half times (1.5x) his regular rate of pay for all hours worked over forty (40) in a given workweek, as evidenced by payroll records, pay stubs, and time sheets.

43. While employed by Defendants, Plaintiff was not exempt under federal and state laws requiring employers to pay employees overtime.

44. Defendants failed to keep full and accurate records of Plaintiff's hours and wages, as evidenced by incomplete or missing timesheets, payroll records, and inconsistencies between Plaintiff's reported hours and actual hours worked.

***Plaintiff TEOFILO VANEGAS***

45. Plaintiff TEOFILO VANEGAS was hired by Defendant BERGEN IMPORTS INC to work as a mechanic, performing skilled automotive repair work including mechanical repairs, metalwork, automotive painting, and other specialized automotive services, at the business located at 228 Palisade Ave, Cliffside Park, NJ 07010, starting in May 2023 until July 25, 2025. During the hiring process, VANEGAS was interviewed and given a job offer by Defendants SAM KAPROS, HARRY KAPROS, and HELEN CAREY. As a mechanic, VANEGAS followed a work schedule set by SAM KAPROS, HARRY KAPROS, and HELEN CAREY, received daily instructions regarding his duties, and was subject to disciplinary actions taken by them.

46. The Plaintiff regularly worked five days per week, Monday to Friday from 7:30 A.M. to 6:00 P.M., totaling fifty-two and one-half (52.5) hours per week with a half-hour unpaid lunch break each day. The Plaintiff was paid a fixed weekly salary of $800 by company check and an additional $100 in cash, evidencing Defendants' attempt to circumvent proper payroll documentation and wage reporting requirements.

47. During most of Plaintiff's employment, Defendants willfully and intentionally failed to maintain any time-keeping system or records, in direct violation of 29 C.F.R. § 516.2, thereby preventing accurate recording, documentation, and memorialization of Plaintiff's work hours, as evidenced by written communication from Defendants and testimonies from other employees. This lack of time tracking mechanism not only made it

impossible for Plaintiff to verify his hours of work but also enabled the Defendants to avoid paying him accurately for the hours worked. The plaintiff independently began maintaining his own records of hours worked from this point until July 25, 2025, due to Defendants' failure to maintain proper time records.

48. During the period from May 15, 2023, through December 31, 2023, Plaintiff received compensation at an effective rate of $18 per hour ($900 for 50 hours), which resulted in systematic underpayment of overtime premiums. For the 12.5 overtime hours worked weekly, Plaintiff was entitled to an additional $9 per hour (half the regular rate), amounting to approximately $112.50 per week in unpaid overtime wages. The total underpayment for this period was approximately $3,712.50. From January 1, 2024, until December 31, 2024, Plaintiff was being paid $18 per hour, the underpayment per week was $90, and the total underpayment of that period of time was $4,680. From January 1, 2025, until July 25, 2025, Plaintiff was being paid $18 per hour, the underpayment per week was $90, and the total underpayment of that period of time was $2,610. The total amount of unpaid wages is approximately $10,260.

49. Defendants willfully neglected to pay Plaintiff for the substantial amount of overtime hours worked beyond the standard forty (40) hours per week.

50. Defendants willfully failed to provide Plaintiff with accurate wage statements as required by the Fair Labor Standards Act (FLSA), including written notice of his rate of pay, employer’s regular payday, and other statutorily mandated information with each payment of wages.

**Defendants’ General Employment Practices**

51. As part of their regular business practices, Defendants willfully and intentionally required the Plaintiffs to work without paying the proper minimum and

overtime wages required by law.

52. As part of their regular business practice, Defendants willfully disregarded and purposefully evaded the record-keeping requirements of the FLSA and NJWHL by intentionally failing to maintain accurate and complete timesheets and payroll records.

53. By willfully and intentionally employing this practice, Defendants avoided paying the Plaintiff at the overtime rate of time and a half for all of their hours worked in excess of forty (40) hours per week.

54. Defendants willfully and intentionally failed to fulfill their statutory obligations by not posting the required wage and hour posters. They also did not provide the Plaintiff with statutorily required wage and hour records or statements of pay received. This was done to conceal their violations of wage and hour laws, and to exploit the Plaintiff's relative lack of knowledge of these laws.

55. Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiff worked, and to avoid paying Plaintiff properly for (1) his full hours worked, and (2) for overtime due.

56. In violation of N.J.S.A. 34:11-4.6, Defendants failed to provide Plaintiff and other employees, at the time of hiring and on or before January of each subsequent year, a statement in English and the employee's primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage; the regular payday designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office, a mailing address if different; and the telephone number of the employer, as required by law.

## STATEMENT OF CLAIMS

**COUNT I.**
**[Violations of the Fair Labor Standards Act—Overtime Wage Brought on behalf of the Plaintiff and the FLSA Collective]**

57. Plaintiff on behalf of himself and the other similarly situated class members, re-alleges and incorporates by reference all allegations in all preceding paragraphs as though fully set forth herein.

58. At all times relevant to this action, Defendants were Plaintiff's employers within the meaning of the Fair Labor Standards Act, 29 USC § 203(d). Defendants had the power to hire and fire Plaintiff, control the terms and conditions of employment, and determine the rate and method of any compensation in exchange for his employment.

59. At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce, and as such constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 USC § 203 (r-s).

60. The FLSA provides that no employer engaged in commerce shall employ a covered employee for a work week longer than forty (40) hours unless such employee receives compensation for employment in excess of forty (40) hours at a rate not less than one and one-half times the regular rate at which he or she is employed, or one and one-half times the minimum wage, whichever is greater. 29 USC §207(a).

61. The FLSA provides that any employer who violates the provisions of 29 U.S.C. §207 shall be liable to the employees affected in the amount of his unpaid minimum wage and overtime compensation, and in an additional equal amount as liquidated damages. 29 USC §216(b).

62. Defendants' willful and intentional failure to pay the Plaintiffs and the FLSA

Collective their overtime pay violated the overtime provisions of the FLSA, specifically 29 U.S.C. § 207(a).

63. At all relevant times, Defendants had, and continue to have, a policy and practice of refusing to pay overtime compensation at the statutory rate of time and a half to the Plaintiff and Collective Action Members for all hours worked in excess of forty (40) hours per workweek, as conclusively demonstrated through comprehensive payroll documentation, , and other documentary evidence, which violated and continues to violate the FLSA, 29 U.S.C. §§201, *et seq.*, including 29 U.S.C. §§207(a)(1) and 215(a).

64. The FLSA and supporting regulations require employers to notify employees of their rights under employment laws, including posting notices of the FLSA minimum wage and overtime requirements. 29 C.F.R. §516.4.

65. Defendants deliberately and systematically failed to notify Plaintiff and FLSA Collective of their rights under the Fair Labor Standards Act (FLSA) and other applicable employment laws, constituting a calculated effort to conceal statutory obligations and facilitate the continued exploitation of Plaintiff's and FLSA Collective's labor.

66. Throughout the relevant time period, Plaintiff and the FLSA collective worked in excess of forty (40) hours per workweek.

67. At all relevant times throughout their employment, Defendants operated under a policy of willfully and intentionally failing and refusing to pay the Plaintiffs and the FLSA collective one and one-half times the regular hourly rate of pay for work in excess of forty (40) hours per workweek, and willfully failing to keep records required by the FLSA, even though the Plaintiff and the similarly situated class members were entitled to receive overtime payments, all in violation of 29 USC § 207 (a)(1).

68. At all relevant times throughout Plaintiff and the class members' employment, Defendants willfully, regularly and repeatedly failed to pay the required overtime rate of one and one-half times his regular hourly rate for hours worked in excess of forty (40) hours per workweek.

69. Defendant's failure to pay Plaintiff overtime compensation was willful within the meaning of 29 USC § 255(a).

70. Defendants violated both the FLSA, 29 U.S.C. § 206(a), and N.J.S.A. § 34:11-56a4 by failing to pay Plaintiff VANEGAS his agreed-upon wages through their implementation of unlawful withholding policies, time-clock policies, and chargeback policies as described herein.

71. Defendants acted willfully and knowingly in their violations of the FLSA's requirements.

72. Plaintiff and the class members seek damages including: (1) unpaid overtime compensation; (2) liquidated damages equal to 200% of the unpaid wages under NJWHL § 34:11-56a25; (3) pre-judgment and post-judgment interest; (4) reasonable attorneys' fees and costs as provided by 29 U.S.C. § 216(b) and NJWHL § 34:11-56a25; and (5) such other legal and equitable relief as this Court deems just and proper, with the total amount to be determined at trial.

**COUNT II.**
**[Violation of New Jersey Labor Law—Overtime Pay Brought on behalf of Plaintiff and Rule 23 Class]**

73. Plaintiff, on behalf of himself and the other similarly situated class members, re-alleges and incorporates by reference all allegations in all preceding paragraphs as though fully set forth herein.

74. At all relevant times, Defendants maintained complete and exclusive control over all material aspects of Plaintiff's employment, including but not limited to: recruitment and hiring decisions, work schedule determinations, assignment of daily work duties, establishment of compensation rates, maintenance of employment records, and authority over disciplinary actions and termination decisions. Despite this control, Defendants willfully and knowingly refused to pay overtime compensation at one and one-half times the regular hourly rate to which Plaintiff and the class are entitled under N.J.S.A. § 34:11-56a4.

75. Defendants' willful and intentional failure to pay Plaintiff proper overtime wages, while maintaining complete control over his working conditions, schedules, and terms of employment, constitutes a clear demonstration of bad faith in violation of both 29 U.S.C. § 260 and N.J.S.A. § 34:11-56a25.2.

76. By reason of Defendants' failure to pay Plaintiff and the class, Plaintiff and Class Members are entitled to recover from Defendants their full unpaid overtime pay, damages for unreasonably delayed payment of wages, liquidated damages, reasonable attorneys' fees and costs and disbursement of the action pursuant to NJWHL §§34:11-56a *et seq.*

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated under the FLSA Collective Action provisions and Rule 23 Class, respectfully petitions this Honorable Court to enter judgment providing the following relief: Authorizing the Plaintiff at the earliest possible time to give notice of this collective action, or that the Court issue such notice, to all persons who are presently, or have up through the extent allowable

under the statute of limitations and including the date of issuance of a court-supervised notice, been employed by Defendants as non-exempt employees. Such notice shall inform them that this civil action has been filed, detail the nature of the action and claims asserted, and advise them of their right to join this lawsuit if they were denied overtime wages at any point within the applicable statute of limitations period;

a) Certification of this case as a collective action pursuant to FLSA;

b) Issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b), and appointing the Plaintiff and their counsel to represent the Collective Action Members;

c) A declaratory judgment that the practices complained of herein are unlawful under FLSA and NJWHL;

d) An injunction against Corporate Defendants, their officers, agents, successors, employees, representatives, and any and all persons acting in concert with them as provided by law, enjoining them from engaging in any of the unlawful practices and policies set forth herein, including but not limited to violations of 29 U.S.C. § 207 and N.J.S.A. § 34:11-56a4;

e) An award of unpaid overtime wages due under both the FLSA and NJWHL, plus compensatory damages and liquidated damages of 200% of unpaid wages as provided by N.J.S.A. § 34:11-56a25;

f) An award of liquidated and/or punitive damages due to Defendants'

knowing, willful, and systematic failure to pay statutorily-required overtime compensation, as mandated by 29 U.S.C. §216, in an amount to be determined at trial;

g) An award of liquidated damages equal to 200% of the amount of wages due as a result of Defendants' willful failure to pay overtime compensation, pursuant to N.J.S.A. § 34:11-56a25.1;

h) An award of costs and expenses of this action together with reasonable attorneys' and expert fees pursuant to 29 U.S.C. §216(b) and NJWHL;

i) The cost and disbursements of this action;

j) An award of prejudgment and post-judgment fees; and

k) Such other and further legal and equitable relief as this Court deems necessary, just, and proper.

Dated: August 6, 2025

By: 

Lina Stillman
**STILLMAN LEGAL P.C**
42 Broadway, 12th Floor
New York, New York 10004
Telephone: (212) 203-2417
*Attorneys for Plaintiff*